## Deitrick, Appellant, *v.* Northumberland County.

*Public officers—Sheriffs—Fees—Serving subpœnas—Act of July* 11, 1901, *P. L.* 663.

Under the Act of July 11, 1901, P. L. 663, a sheriff is not entitled to fees for serving subpœnas unless he actually serves them. A mere offer to serve them is insufficient to entitle him to the fees specified in the act.

Argued Oct. 30, 1903. Appeal, No. 209, Oct. T., 1903, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1903, No. 178, for defendant on case stated in suit of Samuel Deitrick v. Northumberland County. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine liability of county for fees to sheriff.

From the case stated it appeared that plaintiff claimed fees for serving subpœnas in a large number of criminal cases. The subpœnas were not placed in his hands but were served by a constable at the instance of the district attorney. The case stated averred that the plaintiff had demanded of the district attorney that the subpœnas should be placed in his hands, but that such demand had been refused.

The court entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Harry S. Knight* and *Charles M. Clement*, for appellant.— This court has decided that a constable cannot be compelled to serve subpœnas for the attendance of witnesses in court : Mc-Callister v. Armstrong Co., 9 Pa. Superior Ct. 423, 427. On the other hand the sheriff is bound to execute all process issuing from the King's Courts of Justice : 1 Blackstone, 344.

But even granting that the constable was a deputy sheriff, he could not recover in his own right for these fees. The sheriff alone would have a right of action against the county and the deputy's only remedy would be to sue the sheriff on a quantum meruit : Newton v. Luzerne County, 11 Kulp, 89 ; Campbell v. Hewlitt, 71 E. C. L. Rep. 258 ; Godolphin v.

Tudor, 6 Mod. Rep. 234 ; Douglas v. Wallace, 161 U. S. 346 (16 Sup. Ct. Rep. 485).

The recovery and payment of costs in criminal cases are so entirely dependent on statutory regulations in Pennsylvania, that it is indispensable for every claimant to be able to point to the statute which entitled him to receive what he claims : Franklin County v. Conrad, 36 Pa. 317; Lehigh County v. Semmel, 124 Pa. 358 ; Koontz v. Franklin County, 76 Pa. 154.

OPINION BY BEAVER, J., December 19, 1903 :

By the terms of the Act of July 11, 1901, P. L. 663, which is entitled " An act to regulate and establish the fees to be charged by sheriffs in this commonwealth and to provide for the taxation and collection of the same," it is provided " that the fees to be received by sheriffs in this commonwealth shall be as follows " (paragraph 2 of section 1) : " For serving personally or by copy each . . . . subpœna . . . . one dollar for the first service and fifty cents for every other defendant or other party served, and forty cents for each copy served or posted, in addition to mileage."

It clearly appears from the case stated that the sheriff served none of the subpœnas for which he claims fees. He merely offered to serve them. The case, therefore, presents this bald proposition : the law provides certain fees to the sheriff for serving subpœnas ; he did not serve them ; therefore he is entitled to the fees. This sounds rather illogical but the appellant replies, true, but he offered to serve them. In the absence of any statute which requires the sheriff to make such service or which gives him the exclusive right to serve subpœnas, how does his offer to serve make his case any stronger ? He rendered no service. It is not claimed that he has the exclusive right to serve subpœnas and is, therefore, in the absence of service, entitled to nothing. This seems to us to be such a self-evident proposition that discussion is superfluous. Judgment affirmed.